Laches; military active duty; disability annuity; National Guard technician. — On February 29, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
Plaintiff filed this action on December 15, 1978. He seeks a disability annuity under the Civil Service laws. He was a civilian National Guard technician. He was required as a condition of employment to be a member of the National Guard and to perform active military duty when so ordered. While on such an active duty tour, he was given a physical examination and found to be physically disabled for military service, and as a result he was separated involuntarily from the National Guard on June 19, 1972. By the terms of 32 U.S.C. § 709 he was thereby ineligible to continue to serve in his civilian capacity and was separated from his civilian position also. He appealed to the Dallas Regional Office of the then Civil Service Commission, for a disability retirement annuity, and that body denied his application by decision dated August 24, 1972. The decision gave the usual notice of entitlement to appeal to the Commission’s Board of Appeals and Review, but plaintiff took no such appeal, and so far as the record shows, took no other action respecting his claim for disability retirement *683 until 1978. By the terms of the decision in the absence of such an appeal, the holding of the regional office became the final decision of the Commission.
Under date of February 22, 1978, a panel of this court held in Allen v. United States, 215 Ct. Cl. 524, 571 F. 2d 14 that Mr. Allen, a person whose claim much resembled Mr. Plant’s, was entitled to a disability annuity. A third similar claim, in Polos v. United States, Nos. 6-75 and 405-77, is under submission to the court en banc, and defendant has argued, among other matters, that the Allen case was incorrectly decided and should be overruled. Counsel for Mr. Plant argued amicus curiae in that case. However, it is unnecessary to await the decision in Polos because Mr. Plant’s claim fails on a threshold issue. We determine that he delayed bringing suit too long and was guilty of laches which bar the suit.
Defendant and plaintiff have filed cross-motions for summary judgment. Defendant originally relied on the statute of limitations, 28 U.S.C. § 2501, and failure to exhaust administrative remedies. It adds laches in its "reply to plaintiffs response.” It is obvious that the Dallas decision became final more than six years before action brought. However, plaintiff, by affidavit, denies having received a copy of the decision, with its all-important notice that he must appeal in 15 days to avoid its becoming final. He admits he learned on August 27, 1972, by telephone conversation, that the claim "would be” [sic] denied and asserts that General Frank Bailey told him on a "medical issue” the decision of the Dallas Regional Office could not be overturned. Plaintiffs hopes appear to have been revived only by the Allen decision, and he retained counsel. Counsel finally obtained a copy of the 1972 decision, and sought to have the Commission reconsider, but it refused to do so. According to plaintiff, he never saw the Dallas decision until October 25, 1979, after he sued. But his counsel had it sooner. Counsel was at first unaware that Mr. Plant had not seen the decision and other records in the case. The records of the Dallas office reveal that a copy of the decision was mailed to the Bureau of Retirement, Insurance and Occupational Health, but do not reveal, at least not expressly, that one was sent to Mr. Plant. Defendant relies on office practice and presumptions, but *684 on summary judgment, to sustain defendant, we would have to hold that plaintiffs sworn affidavit was false, and that would be hard to do. As to the statute of limitations defense, there appears to be a triable issue of fact.
It is clear from the same affidavit that plaintiff knew on August 27, 1972, that he had lost or would lose in Dallas. This notice may not suffice to start limitations running, but we think it is for consideration in assessing laches. For almost six years he makes no claim to have done anything either to obtain the Dallas decision itself or to obtain review of it, administrative or judicial. Defendant alleges prejudice by the delay in bringing suit. Relevant records of the Dallas office have been destroyed in good faith according to the Files Inventory and Disposition Plan. The longer the delay, the less need for defendant to show specific prejudice. Grisham v. United States, 183 Ct. Cl. 657, 392 F. 2d 980, cert. denied, 393 U.S. 843 (1968), Gersten v. United States, 176 Ct. Cl. 633, 364 F. 2d 850 (1966). Here we have a rare thing in our jurisprudence, a delay period exceeding the six-year limitations period. It is often argued that a favorable court decision, though favorable only as a precedent, accrues a new cause of action, but that argument (if ever valid) does not prevail when the decision does not expressly overturn prior law, however bleak the prospects of a claim may have previously looked. O’Callahan v. United States, 196 Ct. Cl. 556, 451 F. 2d 1390 (1971). There was no judicial decision before Allen, and no regulation that had to be invalidated for Allen to prevail.
In assessing a period of laches, however, it is not required that delays be considered only if they followed accrual of the cause of action. Delay between the start of the controversy and the finalizing of the administrative decision also may be considered if the claimant caused or contributed to it. Frommhagen v. United States, 216 Ct. Cl. 1, 573 F. 2d 52 (1978), cert. denied, 440 U.S. 909 (1979). Should we deem that exhaustion of the Civil Service Commission remedy was delayed by plaintiffs non-receipt of the written decision, enough to save him under § 2501, still he knew on August 27, 1972, that the case had gone against him or was about to do so. It would appear he had in equity a duty to inquire if he received nothing in the mail. Unfortunately, the mails are not as reliable as they *685 used to be, and no claimant, who knows he has lost, can indefinitely delay accrual by not taking action or at least inquiring, on the sole ground he has received nothing in the mail.
Accordingly, the defense of laches is sustained. Upon consideration of the record, the briefs, and the arguments of counsel, plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.
On plaintiffs motion for rehearing to alter judgment, the court on March 28, 1980 entered an order correcting the foregoing order (reflected in the report) and otherwise affirming the order and judgment.