Leo L. MARTELON, Plaintiff,

v.

Emmet H. WALKER, Jr., Director, National Guard Bureau, John L. France, Adjutant General, Colorado Department of Military Affairs; William K. White, Paul A. Parsons, Stephen T. Erickson, and James T. Miller, Defendants.

Civ. A. No. 81–C–2196.

United States District Court, D. Colorado.

Aug. 5, 1983.

Barry D. Roseman, Denver, Colo., for plaintiff.

William F. Eggert, Deana R. Willingham, Hall & Evans, Nancy E. Rice, Asst. U.S. Atty., Maurice Knaizer, Asst. Atty. Gen., Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff, Leo L. Martelon, filed this action seeking relief from his involuntary reassignment within and subsequent termination from the Colorado Army National Guard (Guard). Defendants are the plaintiff's supervisors in the Guard. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343(3).

The parties have filed cross-motions for summary judgment supported by extensive memoranda and exhibits. On July 28, 1983, I heard testimony and received evidence on these motions. The issues raised are ripe for determination.

Martelon sought full-time *civilian* employment in 1974 as an administrative supply technician for the Guard. A prerequisite to obtaining this civilian employment was prior enlistment for *military* service in the Guard. Martelon enlisted in the Guard as a staff sergeant on November 1, 1974, and was employed as an administrative supply technician starting on November 3, 1974.

Plaintiff's employment as a civilian technician required that he supervise the military materiel for the unit to which he was assigned. On June 21, 1983, he was reassigned involuntarily from the 220th Military Police Company to the 193rd Military Police Battalion. Plaintiff's civilian employment was terminated on August 1, 1983, because his new assignment at the 193rd was incompatible with his continued employment as an administrative supply technician for the 220th. No comparable civilian job was available with the 193rd.

Plaintiff here asserts three claims for relief. First, he asserts a civil rights claim under 42 U.S.C. § 1983. He contends that he had a property right in continued civilian employment and the defendants' assigning him to a different post, thus "taking" his job rights, without a hearing, violated due process. Plaintiff seeks reinstatement to his civilian employment, compensatory damages, and punitive damages.

In considering claims of this nature, courts must exercise caution and self restraint to avoid interfering with military affairs. The United States Constitution grants control of the military to Congress, not the courts. U.S. Const. Art. 1, § 8, cls. 12–14. "Civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers; that relationship is at the heart of the necessarily unique structure of the military establishment." *Chappell v. Wallace*, —— U.S. ——, ——, 103 S.Ct. 2362, 2365, 76 L.Ed.2d 586 (1983).

The Constitution grants Congress broad power "[t]o provide for organizing, arming, and disciplining ..." the National Guard. U.S. Const. Art. 1, § 8, cl. 16. "It would be difficult to think of a clearer example of the type of government action that was intended by the Constitution to be left to the political branches directly responsible— as the Judicial Branch is not—to the electoral process. Moreover, it is difficult to conceive of an area of governmental activity in which the courts have less competence." *Gilligan v. Morgan*, 413 U.S. 1, 10, 93 S.Ct. 2440, 2446, 37 L.Ed.2d 407 (1973).

■ In *Gilligan*, the Supreme Court determined that the District Court had no authority to grant relief for the National Guard's alleged violations of 42 U.S.C. § 1983. That case dictates the result here. I find and conclude that Martelon's claim seeking relief for alleged violations of 42 U.S.C. § 1983 raises issues not appropriate for determination in this court. A federal trial judge is not competent to review decisions of Army National Guard officers in assigning personnel, at least in the circumstances here presented. There is no genuine issue as to any material fact. Defendants are entitled to judgment as a matter of law on this claim. F.R.Civ.P. 56(b). Thus,

the defendants' motion for summary judgment on the plaintiff's first claim for relief is granted.

Plaintiff's second claim for relief alleges that his reassignment violated his enlistment contract. However, the plaintiff has not cited, and I have not found, any section of the enlistment contract either guaranteeing his assignment to a specific military unit or limiting the Guard's ability to reassign him. Thus, I find that there is no genuine issue of material fact on this issue and conclude that the plaintiff's breach of contract claim is unsupported. The defendants, therefore, are entitled to summary judgment on this claim as well.

Plaintiff's third claim alleges that termination of his civilian employment violated 32 U.S.C. § 709. Defendants respond that termination of the plaintiff's employment was authorized by 32 U.S.C. § 709(e)(1) and was within the Guard's inherent power to reassign personnel to help ensure national security.

Congress has required that "a technician who is employed in a position in which National Guard membership is required as a condition of employment and who . . . ceases to hold the military grade specified for his position . . ." shall be relieved from his civilian position. 32 U.S.C. § 709(e)(1). In *Allen v. United States,* 571 F.2d 14 (Ct.Cl. 1978), the court held in similar circumstances that "civilian duties cannot stand alone to comprise a job distinct from the military activities." *Id.* at 18. Further, a Senate Armed Service Committee report states that the civilian technician program requires that a civilian technician's work be performed in the same unit in which he or she holds a military assignment. S.Rep. No. 1446, 90th Cong., 2d Sess. (1968).

I find and conclude that a civilian technician ceases to hold the requisite "military grade" when he or she is reassigned to a military unit from which the civilian technician duties cannot be performed. Thus, the defendants' termination of the plaintiff's employment was authorized by 32 U.S.C. § 709(e)(1).

Further, I find and conclude that the Guard has the inherent power necessary to terminate a technician's employment if the technician's reassignment to a different military unit is incompatible with his or her civilian employment. The defendants' motion for summary judgment on the plaintiff's third claim for relief is granted.

Accordingly,

IT IS ORDERED that this action is dismissed with prejudice, each party to bear his own costs.