**Aaron APPEL, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**Appeal No. 84–1105.**

United States Court of Appeals, Federal Circuit.

Nov. 19, 1985.

---

Aaron Appel, pro se.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Sandra P. Spooner and Richard W. Oehler, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent; Murray M. Meeker, Office of Gen. Counsel, Office of Personnel Management, of counsel.

Before BALDWIN, NEWMAN and BISSELL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Mr. Appel appeals from the decision of the Merit Systems Protection Board (MSPB) affirming the reconsideration decision of the Office of Personnel Management (OPM). That reconsideration decision affirmed OPM's decision to suspend petitioner's retirement disability annuity payment while he was receiving compensation from the Department of Labor's Office of Workers' Compensation Program (OWCP). For the reasons explained below, we affirm the MSPB's decision.*

## OPINION

Mr. Aaron Appel, an employee of the Department of the Treasury Customs Service, sustained a job-related injury in 1964 and was paid disability compensation. In 1979, as a result of a recurrence of the injury, Mr. Appel again received disability compensation. Effective February 28, 1980 these benefits were reduced because he was no longer totally disabled, but the reduced benefits continued.

During this period, Mr. Appel was injured in a non-job related accident, and based on that injury he applied for a disability annuity under the Civil Service Retirement Act. This application was approved in May 1981, but the following month he was informed that he could not receive workers' compensation from the OWCP and civil service retirement benefits for the same time period. Mr. Appel's annuity benefits were suspended while he was receiving workers' compensation.

The pertinent provision of the Civil Service Retirement Act is 5 U.S.C. § 8337(f). The pertinent provision of the Federal Employees' Compensation Act is 5 U.S.C. § 8116(a).

5 U.S.C. § 8337(f) provides as follows: An individual is not entitled to receive an annuity under this subchapter and compensation for injury or disability to himself under subchapter I of chapter 81 of this title covering the same period of time. This provision does not bar the right of a claimant to the greater benefit conferred by either subchapter for any part of the same period of time. Neither this provision nor any provision of sub-

---

* This opinion was originally issued as an unpublished opinion on June 7, 1985, and is being published at respondent's request.

chapter I of chapter 81 of this title denies to an individual an annuity accruing to him under this subchapter on account of service performed by him, or denies any concurrent benefit to him under subchapter I of chapter 81 of this title on account of the death of another individual.

5 U.S.C. § 8116(a) provides as follows: While an employee is receiving compensation under this subchapter, or if he has been paid a lump sum in commutation of installment payments until the expiration of the period during which the installment payments would have continued, he may not receive salary, pay, or remuneration of any type from the United States, except—

(1) in return for service actually performed;

(2) pension for service in the Army, Navy, or Air Force;

(3) other benefits administered by the Veterans' Administration unless such benefits are payable for the same injury or the same death; and

(4) retired pay, retirement pay, retainer pay, or equivalent pay for service in the Armed Forces or other uniformed services, subject to the reduction of such pay in accordance with section 5532(b) of title 5, United States Code.

However, eligibility for or receipt of benefits under subchapter III of chapter 83 of this title, or another retirement system for employees of the Government, does not impair the right of the employee to compensation for scheduled disabilities specified by section 8107(c) of this title.

These statutory provisions explicitly set forth the general rule that one who is receiving benefits such as petitioner is receiving is not eligible concurrently to receive additional disability benefits from the United States. None of the exceptions of § 8116(a) apply here, nor are the special circumstances of § 8337(f) present in this case. We conclude, therefore, that the MSPB correctly determined that petitioner was not entitled to receive the annuity payments at issue while he was receiving compensation from OWCP.

We have carefully considered all of petitioner's arguments, including his contention that the general rule against concurrent benefits does not apply because two separate injuries are involved and his argument that the prohibition of § 8116 ceased to apply to him after February 28, 1980, when his compensation for a temporary full disability was reduced to compensation for a temporary partial disability. We perceive, however, no error in the MSPB's decision and therefore affirm. 5 U.S.C. § 7703(c).

AFFIRMED.