**Norman A. JOHNSON, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 86–1231.**

United States Court of Appeals, Federal Circuit.

Feb. 20, 1987.

---

Arthur Z. Schwartz, Clifton and Schwartz, New York City, argued for petitioner.

David C. Kane, Merit Systems Protection Bd., Washington, D.C., argued for respondent. On the brief for respondent were Llewellyn M. Fischer, Acting Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, Marsha E. Mouyal, Reviewer for Litigation and Martha B. Schneider,

Merit Systems Protection Bd., Washington, D.C.

Before MARKEY, Chief Judge, and FRIEDMAN and ARCHER, Circuit Judges.

FRIEDMAN, Circuit Judge.

The petitioner challenges a decision of the Merit Systems Protection Board (Board) that dismissed, for lack of jurisdiction, his appeal from the denial of priority consideration for reemployment with the United States Postal Service under 5 U.S.C. § 8151(b)(2) (1982), following the termination of a disability for which he received disability retirement. We affirm.

I

A. The petitioner was employed as a special delivery messenger for the United States Postal Service. On October 30, 1970, the petitioner was involved in an accident while driving a mail truck, and injured his back and knee. Effective October 17, 1980, the petitioner was removed from his position after the Postal Service found him to be totally disabled to perform any work with the agency.

The petitioner filed an application for disability benefits under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101–93 (1982 & Supp.1985) (Compensation Act). His claim was denied on the ground that the medical evidence did not establish that the petitioner had any remaining disability from his October 30, 1970 knee and back injury that would prevent him from performing his regular duties as a special delivery messenger.

The petitioner subsequently filed an application with the Office of Personnel Management for disability retirement benefits under the Civil Service Retirement Act, 5 U.S.C. §§ 8331–48 (1982 & Supp.1985) (Retirement Act). This claim was denied on the ground that the petitioner was not totally disabled to perform useful service with the agency. The Board affirmed this denial.

The petitioner filed a petition for review of the Board's decision in the United States

Court of Appeals for the Second Circuit. The petitioner and the Office of Personnel Management reached a settlement under which the petitioner was awarded a disability annuity under the Retirement Act and stipulated to the dismissal of his petition for review.

B. After the petitioner had a medical examination in June 1984, the Office of Personnel Management informed him that he was no longer disabled and that his disability retirement annuity would terminate on June 26, 1985. The petitioner then applied to the Postal Service for reinstatement to his former position of special delivery messenger or to any other position for which he was qualified. The agency denied reinstatement on the ground that the petitioner had a poor driving record.

The petitioner appealed the denial of reinstatement to the Board. He alleged that the Postal Service had discriminated against him because of race and national origin, and that he was denied reinstatement in reprisal for filing a discrimination complaint against the Postal Service. In an initial decision, the presiding official of the Board dismissed the appeal for lack of jurisdiction. The petitioner filed a timely petition for review with the Board, contending that the Board had jurisdiction over his appeal under 5 C.F.R. §§ 353.307 and § 353.401(a)(1) because he was a disabled annuitant who had been denied priority consideration for reemployment.

The Board granted review and held that it would have jurisdiction over the appeal only if the petitioner had recovered from a "compensable injury" and had been denied reinstatement priority consideration. Since the record did not contain sufficient information to determine whether the petitioner's disability was due to such an injury, the Board remanded the case to the Regional Office for further development of evidence and a readjudication of the appeal, 29 M.S.P.R. 138 (1985).

C. On remand, the presiding official ruled that for the Board to have jurisdiction over the appeal, the petitioner must establish that he had suffered a "compensable injury ... for which he has received Office of Workers' Compensation [Compensation Act] benefits." He directed the petitioner to submit evidence on that question.

In response, the petitioner submitted evidence that he had received benefits under the Retirement Act. He contended that the term "compensable injury" in the governing regulation should include injuries for which an employee receives either Retirement Act or Compensation Act benefits. The presiding official rejected this contention and dismissed the appeal for lack of jurisdiction.

The Board denied review. It stated that "compensable injury," the existence of which the regulation requires as a condition to obtaining priority consideration for reemployment, includes only injuries for which an employee receives benefits under the Compensation Act. The Board noted that although "compensable injury" is not defined in either the statute or the regulations, the statute states that " 'compensation' includes the money allowance payable to an employee or his dependents and any other benefits paid for from the Employees' Compensation [Compensation Act] Fund." 5 U.S.C. § 8101(12) (1982). Because the petitioner had not been receiving "compensation" under this standard, the Board held that the petitioner had not suffered a "compensable injury" and therefore had no right to appeal under 5 C.F.R. § 353.401(a)(1) from the denial of priority consideration for reemployment with the Postal Service, 30 M.S.P.R. 188 (1986).

## II

A. The Compensation Act and the Retirement Act provide two separate schemes of compensation for disabled federal employees that have markedly different eligibility requirements. *See* 5 U.S.C. § 8337(f) (employee is prohibited from receiving benefits under the two Acts for same period of time); *Appel v. Office of Personnel Management,* 777 F.2d 691, 693 (Fed.Cir. 1985).

Under the Compensation Act, an employee may receive compensation for a "disability ... resulting from personal injury sus-

tained while in the performance of his duty." 5 U.S.C. § 8102(a) (1982); *see Wallace v. United States,* 669 F.2d 947, 951–54 (4th Cir.1982) (Compensation Act benefits unavailable when injury not job-related). The underlying rationale for the Compensation Act is to give workers who are injured on the job a quicker and more certain recovery than would be available in a civil action against the United States. *See United States v. Demko,* 385 U.S. 149, 151, 87 S.Ct. 382, 383, 17 L.Ed.2d 258 (1966). The Compensation Act explicitly provides that the liability of the United States thereunder for injuries suffered on the job by a federal employee is "exclusive." 5 U.S.C. § 8116(c); *see Griffin v. United States,* 703 F.2d 321 (8th Cir.1983). If the injury occurs when the employee is not on the job, then the Compensation Act is "not the exclusive remedy ... or even the appropriate remedy." *Griffin,* 703 F.2d at 322.

Unlike the Compensation Act, the Retirement Act does not require that an employee become disabled as a result of a service-related injury in order to receive compensation. *See* 5 U.S.C. § 8337(a) (Supp.1985); *see also Allen v. United States,* 571 F.2d 14, 16, 215 Ct.Cl. 524 (1978) (compensation under the Retirement Act for employee suffering from diabetes). To receive benefits under the Retirement Act, an employee need only have completed five years of civilian service and be "found by the Office of Personnel Management to be unable, because of disease or injury, to render useful and efficient service." 5 U.S.C. § 8337(a) (Supp.1985).

In the present case, the petitioner was denied benefits under the Compensation Act but was, pursuant to a negotiated settlement with the Office of Personnel Management, granted benefits under the Retirement Act. The petitioner notes that disabled employees who receive benefits under the Compensation Act, and recover after more than one year, are entitled to reemployment priority consideration. *See Raicovich v. United States Postal Service,* 675 F.2d 417, 419–20 (D.C.Cir.1982); *McKoy v. Department of the Army,* 18 M.S.P.R. 636, 636–38 (1984); *White v. United States Postal Service,* 16 M.S.P.R. 492,

494 (1983). He argues that the same reemployment rights should be extended to those who receive benefits under the Retirement Act. The Board rejected this contention, as it has done on two prior occasions, ruling that reemployment priority consideration is unavailable to those who receive benefits under the Retirement Act. *See Enright v. United States Postal Service,* 28 M.S.P.R. 414, 414–15 (1985); *Brooks v. United States Postal Service,* 26 M.S.P.R. 217, 219 (1985).

■ We conclude that the Board's interpretation of the statute, which is entitled to weight, is supported by both the statutory scheme for reemployment priority rights and its legislative history.

B. Under 5 C.F.R. § 353.401(a)(1) (1985), an employee with a right to priority consideration for reemployment under 5 U.S.C. § 8151 (1982) is entitled to appeal the denial of such consideration to the Board. 5 U.S.C. § 8151 provides in pertinent part:

> (b) Under regulations issued by the Office of Personnel Management—
>
> . . . .
>
> (2) the department or agency which was the last employer shall, if the injury or disability is overcome within a period of more than one year after the date of commencement of compensation, make all reasonable efforts to place, and accord priority to placing, the employee in his former or equivalent position within such department or agency, or within any other department or agency.

5 U.S.C. § 8151(b)(2) (1982).

The Office of Personnel Management's implementing regulations provide:

> An employee who was separated because of a compensable injury and whose recovery takes longer than 1 year from the date compensation began ... is entitled to priority consideration for restoration to the position he or she left or an equivalent one provided he or she applies for reappointment within 30 days of cessation of compensation.

5 C.F.R. § 353.307 (1985).

Neither the statute nor the regulations define "compensable injury," but 5 U.S.C.

§ 8101(12) defines "compensation" as follows:

"[C]ompensation" includes the money allowance payable to an employee or his dependents and any other benefits paid for from the Employees' Compensation [Compensation Act] Fund....

The petitioner argues that because the statute states that compensation "includes" rather than "is limited to" the "money allowance ... and any other benefits paid for from the Employees' Compensation [Compensation Act] fund," it does not restrict the meaning of compensation to payments made under the Compensation Act. A more plausible interpretation of "includes" in section 8101(12), however, is that compensation "includes" both the "money allowances" and the "other benefits" paid under the Compensation Act, rather than that compensation covers both Compensation Act and Retirement Act benefits. As explained below, we conclude that, for purposes of determining reemployment priority rights under 5 U.S.C. § 8151, "compensation" was not intended to include benefits under the Retirement Act because (1) Congress intended to limit reemployment rights to those who suffered job-related injuries, and (2) Congress uses the word "compensation" to refer to benefits under the Compensation Act but the term "annuity" to refer to benefits under the Retirement Act.

1. *Congress Provided Reemployment Rights Only for Employees With Job-Related Injuries.* As noted previously, the Compensation Act and the Retirement Act are entirely separate schemes of compensation with different eligibility standards. *See supra* part II A. Compensation Act benefits are payable only to employees whose injuries are job related. The requirements and benefits of the Compensation Act are set out in 5 U.S.C. chapter 81, while the requirements and benefits of the Retirement Act are set out in 5 U.S.C. chapter 83. Chapter 81 includes 5 U.S.C. § 8151, the provision which provides for reemployment priority consideration and which was enacted in 1974 as an amendment to the Compensation Act. *See* Pub.L. No. 93–416, § 22, 88 Stat. 1149 (1974);

S.Rep. No. 1081, 93d Cong., 2d Sess. 1 (1974), *reprinted in* 1974 U.S. Code Cong. & Ad.News 5341. Nothing in the amendment indicates or even suggests that Congress intended to grant reemployment priority rights to individuals whose disability benefits were paid under the Retirement Act. *See* Pub.L. No. 93–416, § 22, 88 Stat. 1149 (1974).

The legislative history of 5 U.S.C. § 8151 supports this conclusion. It indicates that Congress intended to provide reemployment priority rights only for those employees who sustained on-the-job injuries. As the Senate Committee Report recognized, the purpose of the Compensation Act was to compensate Federal employees who are "injured on the job." *See* S.Rep. No. 1081, 93d Cong., 2d Sess. 1 (1974), *reprinted in* 1974 U.S.Code Cong. & Ad.News 5341, 5344. According to the United States Court of Appeals for the District of Columbia Circuit:

[B]y enacting the 1974 Amendments to the [Compensation Act], Congress sought to do everything feasible to compensate and reinstate Federal employees injured in the line of duty: during the period of their disability they were to incur no loss of benefits; if they recovered within a year, reemployment was guaranteed; and if their recovery took longer, all reasonable efforts were to be made to place them in their former job or an equivalent position, and priority was to be accorded them in securing a position. In short, Congress sought to accord injured workers treatment equal to that which they would have received but for their injury.... [T]hey are not to suffer any loss of rights or benefits because an injury was received in the course of employment.

*Raicovich v. United States Postal Service,* 675 F.2d 417, 424 (D.C.Cir.1982).

Since Congress created reemployment priority rights in the Compensation Act in an effort to aid those injured in the line of duty, *see id.* at 424, it is reasonable to infer that Congress intended to limit those rights to employees who received Compensation Act benefits.

Congress in various instances has provided more liberal benefits for government employees who are injured in the line of duty than for those whose disability is unrelated to their federal employment. For instance, an employee who is totally disabled in the line of duty generally receives two-thirds of his former salary under the Compensation Act, see 5 U.S.C. § 8105(a) (1982), while an employee who does not suffer a job-related injury typically receives only 40 percent of his former salary under the Retirement Act, see 5 U.S.C. § 8339(g)(1) (Supp.1985). Employees injured on the job are eligible for Compensation Act benefits regardless of their length of service, 5 U.S.C. § 8102 (1982), but those whose injuries are not service-related must have worked for at least five years to qualify for Retirement Act benefits, 5 U.S.C. § 8337(a) (Supp.1985). Limiting reemployment priority consideration to those who receive Compensation Act rather than Retirement Act benefits is consistent with the congressional intent to provide more generous benefits to those who suffer job-related injuries.

The petitioner asserts that, although he was awarded benefits under the Retirement Act rather than the Compensation Act, his injury was service-related and therefore he should be granted reemployment priority consideration.

When the petitioner applied for Compensation Act benefits in 1978 because of his October 30, 1970 service-connected injury, however, the Office of Workers' Compensation Programs found that the "medical evidence [established] that [the petitioner had] no remaining disability from his injury of October 31 [sic], 1970 which would prevent him from performing his regular duties as a special delivery messenger." Accordingly, the Department of Labor found that the petitioner was not disabled as a result of a service-related injury and denied his claim for benefits under the Compensation Act. Although the petitioner could have appealed the denial of Compensation Act benefits, 20 C.F.R. § 501.3(d)(1), he failed to do so.

For purposes of this case, therefore, there is a final determination that the petitioner was not disabled as a result of a service-related injury. The petitioner is not entitled to reemployment priority rights under 5 U.S.C. § 8151(b)(2) on the ground that he should have been awarded benefits under the Compensation Act. Cf. 20 C.F.R. § 501.3 (1980) (denials of Compensation Act benefits are appealed to the Employee Compensation Appeals Board).

2. *Difference in Terminology under the Compensation and the Retirement Acts.* The conclusion that Congress intended to limit reemployment priority rights to those who receive benefits under the Compensation Act finds further support in the different terminology Congress used in 5 U.S.C. chapter 81 and chapter 83.

Congress repeatedly used the term "compensation" in referring to payments under the Compensation Act. *See, e.g.,* 5 U.S.C. § 8102(a) ("The United States shall pay compensation as specified by [chapter 81] for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty...."); 5 U.S.C. § 8105(a) ("If the disability is total, the United States shall pay the employee during the disability monthly monetary compensation...."); 5 U.S.C. § 8107(a) ("If there is permanent disability ... the employee is entitled to basic compensation for the disability...."); 5 U.S.C. § 8110(b) ("A disabled employee with one or more dependents is entitled to have his basic compensation for disability augmented...."). On the other hand, Congress used the term "annuity" when it referred to chapter 83 payments made under the Retirement Act. *See, e.g.,* 5 U.S.C. § 8333(a) ("An employee must complete at least 5 years of civilian service before he is eligible for an annuity under [chapter 83]."); 5 U.S.C. § 8336(a) ("An employee who is separated from the service after becoming 55 years of age and completing 30 years of service is entitled to an annuity."); 5 U.S.C. § 8340(a) (annuities payable from the Retirement Fund are subject to cost-of-living adjustments).

The use of different terminology to refer to payments under the two compensation systems is strikingly shown in 5 U.S.C.

§ 8337(f), which states that "[a]n individual is not entitled to receive an annuity under [the Retirement Act] and compensation for injury or disability to himself under ... chapter 81 [the Compensation Act]."

Since Congress provided reemployment rights under 5 U.S.C. § 8151(b)(2) to those employees who recover from a disability or injury "more than one year after the date of commencement of compensation," it is a reasonable inference that Congress intended to restrict those rights to employees whose disability payments were made under the Compensation Act.

### III

The petitioner argues that even if he is not entitled to priority reemployment consideration under 5 U.S.C. § 8151(b)(2), he nonetheless is entitled to that treatment under the *Federal Personnel Manual* (*Manual*). Subchapter S15–3a of the *Manual* provides:

*Policy on reemployment after recovery.* In the interest of good personnel management and of equity to the individual, the former employing agency should make every effort to take back a former employee who was retired for disability, and whose annuity has been, or within one year will be, discontinued because of his or her recovery. The reinstatement of such person having a competitive civil service status should be made even if it is necessary to make way for him or her by separating a temporary employee.

"Reemployment of Retired Employees," *Federal Personnel Manual* 69–70 (Supp. 831–1 1980).

 This provision, however, does not create any rights in the petitioner, but merely establishes a "policy" for agencies to follow. *Cf. Doe v. Hampton*, 566 F.2d 265, 281 (D.C.Cir.1977) (many provisions in the *Manual* are not mandatory). In any event, even if the *Manual* were viewed as giving the petitioner a right to priority reemployment consideration, it does not give him the right to appeal the denial of such consideration to the Board.

The Board's jurisdiction is limited to those actions made appealable to it by law, rule or regulation. 5 U.S.C. § 7701(a) (1982); *see Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983). Although an employee denied priority consideration for reemployment under 5 U.S.C. § 8151 has a right to appeal to the Board, *see* 5 C.F.R. §§ 353.308(a), 353.410(a)(1) (1985), no right to appeal is provided for employees denied such consideration under subchapter S15–3a of the *Manual.*

### CONCLUSION

The decision of the Merit Systems Protection Board dismissing the petitioner's appeal is affirmed.

AFFIRMED.