847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Simmie L. JOHNSON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3083.
 United States Court of Appeals, Federal Circuit.
 April 11, 1988.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and NICHOLS, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The October 30, 1987, decision of the Merit Systems Protection Board, Docket No. DA08318710559, sustaining the decision of the Office of Personnel Management (OPM) to suspend petitioner Simmie L. Johnson's disability retirement annuity, is affirmed.
 
 OPINION
 
 2
 The facts are not in dispute. Petitioner received both workers' compensation benefits from the Office of Workers' Compensation Programs of the Department of Labor and a monthly payment on a disability retirement annuity from the OPM, for the same condition. When the OPM learned that petitioner was receiving double benefits, it requested return of the previous payments on the disability annuity and refused to make further payments on the annuity.
 
 
 3
 Petitioner asks us to reinstate his disability annuity. We cannot accede to this request. OPM has reasonably interpreted the relevant statutes to mean that a former government employee in petitioner's situation is entitled to workers' compensation or a disability annuity, but not both for the same period of time. The relevant statutes are 5 USC 8116(a) and 8337(f). In support of OPM's interpretation, we have twice held that pursuant to these statutes, there can be no duplication of disability retirement and workers' compensation for the same condition. Hanson v. OPM, 833 F.2d 1568 (Fed.Cir.1987); Appel v. OPM, 777 F.2d 691 (Fed.Cir.1985). Therefore, the MSPB properly sustained the suspension of petitioner's disability annuity.