Terry D. JOHNSON, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 01–3300.

United States Court of Appeals,
Federal Circuit.

Feb. 7, 2002.

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

DECISION

PER CURIAM.

Terry D. Johnson petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal, in which he sought an order directing the Department of Veterans Affairs ("agency") to place him in a full-time position. *Johnson v. Dep't of Veterans Affairs*, No. AT–3443–01–0388–I–1, 2001 WL 758775. We *affirm*.

DISCUSSION

I.

Mr. Johnson originally was employed by the agency as a full-time Patient Services Assistant, GS–05. He left the agency in 1998 and began receiving disability retirement benefits, effective December 5, 1998. The payment of benefits eventually ceased, however, and in May of 2000, Mr. Johnson applied for a position with the agency. In

September of 2000, the agency offered to reinstate him in his previous position on a part-time basis. In November of 2000, Mr. Johnson asked the agency to make his position full-time. Thereafter, claiming that the agency had ignored his request, he filed an appeal with the Board.

In an initial decision dated April 20, 2001, the administrative judge to whom the case was assigned dismissed Mr. Johnson's appeal for lack of jurisdiction. Starting from the premise that "an individual who seeks employment after having been on ... approved disability retirement has no rights to reinstatement," the administrative judge concluded: "[T]he Board does not have jurisdiction over the type of employment the agency offered the appellant when it decided to hire him." *Johnson v. Dep't of Verterans Affairs*, No. AT–3443–01–0388–I–1, slip op. at 2 (M.S.P.B. Apr.20, 2001) (initial decision). The administrative judge also rejected Mr. Johnson's argument that the Board had jurisdiction over his appeal under 5 U.S.C. § 2302(b)(9) because he was not being given a full-time position in reprisal for his having filed a discrimination complaint and because he had availed himself of the agency's internal administrative complaint process. The administrative judge did so on the ground that section 2302(b)(9) is not itself an independent source of Board jurisdiction and does not itself authorize an appeal to the Board. *Id.* at 2–3. The initial decision of the administrative judge became the final decision of the Board when the Board denied Mr. Johnson's petition for review for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703; *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir. 1998). Whether the Board has jurisdiction in this case is a question of law that we review *de novo*. *Huffman v. Office of Pers. Mgmt.*, 263 F.3d 1341 (Fed.Cir.2001).

The jurisdiction of the Board is limited to those matters made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a); *see Coursen v. United States Postal Serv.*, 256 F.3d 1353, 1355 (Fed.Cir. 2001). In *Johnson v. Merit Systems Protection Board*, 812 F.2d 705, 711 (Fed.Cir. 1987), we held that an employee who retired on disability but who subsequently had his disability payments discontinued because of his recovery did not have the right to appeal to the Board the failure of his former employing agency to accord him priority reemployment consideration. We reached that holding because no law, rule, or regulation granted the employee such appeal rights. In this case, there is no law, rule, or regulation that grants Board appeal rights to an individual who claims dissatisfaction with the job that he or she is given upon return to work following the cessation of disability retirement benefits. At the same time, because the Board lacks jurisdiction over Mr. Johnson's claim regarding the agency's failure to make his position full-time, it does not have authority to consider his reprisal claim. *See Brodt v. Merit Sys. Prot. Bd.*, 11 F.3d 1060, 1061 (Fed.Cir.1993)("Prohibited personnel practices are cognizable by the Board only when they motivate an otherwise appealable personnel action. They do not, in themselves, provide a basis for review by the Board.").

For the foregoing reasons, the Board correctly held that it lacks jurisdiction over Mr. Johnson's appeal. The Board's final decision dismissing the appeal is therefore affirmed.

No costs.