**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THERESA A. BOWMAN, | DOCKET NUMBER |
| Appellant, | PH-315H-17-0132-I-1 |
| | |
| v. | |
| | |
| DEPARTMENT OF VETERANS | DATE: May 16, 2022 |
| AFFAIRS, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Camille Francois, West Roxbury, Massachusetts, for the appellant.

Jonathan Smith, Bedford, Massachusetts, for the agency.

Steven D. Allen, Brockton, Massachusetts, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective January 24, 2016, the agency appointed the appellant to a competitive-service position as a Food Service Worker.  Initial Appeal File (IAF), Tab 10 at 11.  Her appointment was subject to the successful completion of a 1-year probationary period.  *Id.*  By notice dated December 12, 2016, the agency informed her that she would be terminated during her probationary period, at 3:30 p.m. that day, due to unacceptable attendance.  *Id.* at 13.  She appealed her termination to the Board, asserting that her "absences were mostly due to doctors['] appointments due to an on the job injury," and requested a hearing.  IAF, Tab 1 at 1-2.

The administrative judge informed the parties of the limited circumstances in which the Board may exercise jurisdiction over the termination of a competitive-service employee during her probationary period, including when a termination resulted from compensable injury or was substantially related to a compensable injury, and ordered the appellant to submit evidence and argument

amounting to a nonfrivolous allegation of jurisdiction. IAF, Tab 2 at 2-5, Tabs 7, 9. Both parties responded. IAF, Tabs 8, 10-11. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 13, Initial Decision (ID).

¶4    The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.[2]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    The Board does not have jurisdiction over all matters involving Federal employees that are alleged to be unfair or incorrect; rather, it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995). If the employee makes a nonfrivolous allegation of jurisdiction, i.e., an allegation that, if proven, could establish the Board's jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence.[3] *Garcia v.*

---

[2] On review, the appellant submits a copy of her 2016 performance plan and appraisal, which she submitted below, and a July 2014 Medical Center Memorandum, which she did not submit below. PFR File, Tab 1 at 8-13; IAF, Tab 11 at 8-12. We need not consider these submissions because they do not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Even if we were to consider this evidence, it is immaterial to the dispositive issue on review, i.e., whether the Board has jurisdiction over the appellant's termination appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*Department of Homeland Security*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc).

¶6     Under 5 U.S.C. chapter 75, subchapter II, an individual who meets the definition of "employee" at 5 U.S.C. § 7511(a)(1) generally has the right to challenge her removal from Federal service by filing an appeal with the Board. *Maibaum v. Department of Veterans Affairs*, 116 M.S.P.R. 234, ¶ 9 (2011).  To qualify as an "employee" with appeal rights under chapter 75, an individual in the competitive service, like the appellant, must show that she either is not serving a probationary period or has completed 1 year of current continuous service under an appointment other than a temporary one limited to a year or less.  5 U.S.C. § 7511(a)(1)(A); *Baggan v. Department of State*, 109 M.S.P.R. 572, ¶ 5 (2008). A probationary employee in the competitive service who does not have a statutory right of appeal may nonetheless have a regulatory right of appeal to the Board if she makes a nonfrivolous allegation that the agency terminated her because of discrimination based on marital status or for partisan political reasons, or because of conditions arising before appointment to the position in question.  *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005); 5 C.F.R. §§ 315.805-.806.

¶7     Here, the administrative judge found that the appellant did not nonfrivolously allege that she was an employee with a statutory right to appeal her termination to the Board under chapter 75 or a regulatory right of appeal under 5 C.F.R. §§ 315.805-.806.  ID at 4-5.  The appellant has not challenged these findings on review, and we discern no basis to disturb them.[4]  PFR File, Tab 1.

---

[4] Although the appellant does not expressly challenge the administrative judge's finding that she is not an employee with Board appeal rights under chapter 75, she stated below and on review that, during the 5 months before the agency hired her as a Food Service Worker, she successfully performed the same duties as part of a Compensated Work Therapy (CWT) program, a vocational rehabilitation program for veterans.  IAF, Tab 5 at 3-4, Tab 8 at 3, Tab 11 at 2-3; PFR File, Tab 1 at 3-5.  As noted above, one way a competitive-service employee, such as the appellant, may establish that she is an employee with Board appeal rights is by showing that she has completed 1 year of

¶8          A probationary employee may, however, appeal the denial of restoration rights if she can show that her termination was the result of a compensable injury or was substantially related to a compensable injury.  *Walley v. Department of Veterans Affairs*, 71 M.S.P.R. 560, 562 (1996).  A "compensable injury" is a medical condition accepted by the Office of Workers' Compensation Programs (OWCP) to be job-related and for which medical or monetary benefits are payable from the Employees' Compensation Fund.  *Tat v. U.S. Postal Service*, 109 M.S.P.R. 562, ¶ 9 (2008).  However, an employee who has been removed for cause, other than for a compensable injury, is not entitled to restoration, and cannot appeal any failure of restoration to the Board.  *Payton v. Department of Homeland Security*, 113 M.S.P.R. 463, ¶ 8, *aff'd*, 403 F. App'x. 496 (Fed. Cir. 2010) (per curiam); 5 C.F.R. § 353.302.  A valid reason for separation, unrelated to a compensable injury, precludes restoration rights, even if the separation also was related to a compensable injury.  *Payton*, 113 M.S.P.R. 463, ¶ 8.; *Mobley v. U.S. Postal Service*, 86 M.S.P.R. 161, ¶ 7 (2000) (quoting *New v. Department of Veterans Affairs*, 142 F.3d 1259, 1261 (Fed. Cir. 1998)).

---

current continuous service under an appointment other than a temporary one limited to a year or less.  5 U.S.C. § 7511(a)(1)(A)(ii).  "Current continuous service" is defined as "a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday."  *Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); 5 C.F.R. § 752.402; *see Williams v. Merit Systems Protection Board*, 892 F.3d 1156, 1160-62 (Fed. Cir. 2018) (finding that the Office of Personnel Management's definition of "current continuous employment" set forth in 5 C.F.R. § 752.402 is a reasonable interpretation of "current continuous service" as provided in 5 U.S.C. § 7511 and is entitled to deference).  Here, insofar as the appellant seeks to tack her CWT participation onto her competitive-service appointment for the purpose of meeting the current continuous service requirement, we find that she is precluded from doing so because her participation in the CWT program did not constitute Federal civilian service.  *See* 38 U.S.C. § 1718(a) (providing that the agency "may use the services of patients and members in Department health care facilities for therapeutic and rehabilitative purposes [but that] such patients and members shall not under these circumstances be held or considered as employees of the United States for any purpose").

¶9    In the initial decision, the administrative judge found that, although the appellant filed claims with OWCP on May 12 and October 26, 2016, she failed to nonfrivolously allege that her termination for unacceptable attendance resulted from, or was substantially related to, a compensable injury.[5]  ID at 4-5.  In so finding, she noted that the appellant had attendance issues even before she suffered her first alleged workplace injury, resulting in the April 12, 2016 Probationary Attendance Warning.  ID at 4; IAF, Tab 10 at 21.  The administrative judge also found that the appellant failed to produce any evidence showing that she received medical treatment for an alleged compensable injury on any of the 12 dates cited by the agency as demonstrating her unacceptable attendance.  ID at 5; IAF, Tab 10 at 5.  On review, the appellant generally disagrees with the administrative judge's finding that her termination did not result from, or was not substantially related to, a compensable injury.  PFR File, Tab 1.

¶10    As noted above, to establish jurisdiction over her termination appeal based on the denial of restoration rights, the appellant must nonfrivolously allege that she suffered a "compensable injury" and that her termination resulted from, or

---

[5] In the initial decision, the administrative judge appeared to find that the appellant nonfrivolously alleged that she sustained a compensable injury on May 12, 2016, because OWCP awarded her medical benefits related to this injury and she received continuation of pay (COP) on May 14 and 15, 2016.  ID at 4.  However, the COP is expressly excluded from the definition of "compensation" used in determining whether an employee suffered a "compensable injury."  *See* 5 U.S.C. §§ 8101(12), 8118(e); *Johnson v. Merit Systems Protection Board*, 812 F.2d 705, 709 (Fed. Cir. 1987).  Therefore, the receipt of COP does not establish that the appellant sustained a compensable injury.  In addition, the document cited by the administrative judge in support of her finding that OWCP awarded the appellant medical benefits in connection with her workplace injury does not appear to support this conclusion.  ID at 4.  Rather, this document—a June 6, 2016 notice from the agency—merely informed the appellant that her claim had been forwarded to OWCP for processing and that she could submit medical bills incurred as a result of her workplace injury to the Department of Labor.  IAF, Tab 11 at 5.  In any event, we need not determine whether the appellant nonfrivolously alleged that she sustained a compensable injury because, as discussed below, she failed to nonfrivolously allege that her termination resulted from, or was substantially related to, either of her alleged workplace injuries.  ID at 4-5.

was substantially related to, that compensable injury. *Norwood v. U.S. Postal Service*, 100 M.S.P.R. 494, ¶ 4 (2005); *Walley*, 71 M.S.P.R. at 562. An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that meets the following criteria: (1) it is more than conclusory; (2) it is plausible on its face; and (3) it is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, an administrative judge may consider the agency's documentary submissions. *Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 10 (2016). To the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, however, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Id.*

¶11        In support of her contention that a workplace injury caused her absences, the appellant alleged that she received medical treatment on October 14, 24, 26, and 27, November 28, and December 1, 2016, and submitted evidence showing she had appointments on October 24 and November 28, 2016. IAF, Tab 1 at 2, Tab 5 at 3, Tab 8 at 4, Tab 11 at 2, 6-7. As correctly noted by the administrative judge, however, the appellant did not allege that she received medical treatment on any of the 12 dates—March 2, 20, 22, and 23, April 12, July 6 and 25, August 12, November 7, 12, and 21, and December 7, 2016—cited by the agency as contributing to her unacceptable attendance. IAF, Tab 10 at 5; *see* IAF, Tabs 1, 5, 8, 11. Moreover, as noted by the administrative judge, the appellant received the April 12, 2016 Probationary Attendance Warning counseling her about her unsatisfactory attendance before either of the alleged workplace injuries occurred on May 12 and October 26, 2016. ID at 4; IAF, Tab 10 at 21. The appellant has not challenged these findings on review, PFR File, Tab 1, and we agree with the administrative judge's determination that the appellant has failed to nonfrivolously allege that her absences on the 12 days cited by the agency were

substantially related to a workplace injury. ID at 4-5. Accordingly, we discern no basis to disturb the administrative judge's determination that the Board lacks jurisdiction over this appeal based on a denial of restoration rights.[6] ID at 5.

¶12 The appellant argues on review, as she did below, that the agency subjected her to unfair and disparate treatment and violated the collective bargaining agreement, which provides that the agency agreed to "provide probationary employees with the opportunity to develop and to demonstrate proficiency," encouraged "frequent communication between the supervisor and employee," and stated that, if there are deficiencies in the employee's conduct or performance . . . supervisors will generally counsel employees in a timely manner." PFR File, Tab 1 at 6; IAF, Tab 11 at 3. Absent an otherwise appealable action, however, the Board lacks jurisdiction to consider these arguments. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, absent an otherwise appealable action, the Board lacked jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with

---

[6] Even if the appellant nonfrivolously alleged that her termination was substantially related to a compensable injury, we would still find that she failed to establish jurisdiction over this appeal based on a denial of restoration rights. As set forth in detail in the administrative judge's March 1, 2017 Order to Show Cause, the nature of an employee's restoration rights depends on the extent and timing of recovery from a compensable injury, and the employee's jurisdictional burden depends on whether she seeks restoration as a fully recovered (within or after 1 year), partially recovered, or physically disqualified employee. IAF, Tab 7; *see* 5 C.F.R. §§ 353.301, 353.304. Here, the appellant did not clarify whether she sought restoration rights as a fully recovered, partially recovered, or physical disqualified employee and did not nonfrivolously allege that she qualified as a fully recovered, partially recovered, or physical disqualified employee entitled to restoration rights. IAF, Tabs 1, 5, 8, 11; PFR File, Tab 1; *see* 5 C.F.R. § 353.101-.102. In addition, to establish jurisdiction over a denial of restoration rights appeal as a partially recovered employee or an employee who is fully recovered after 1 year, an appellant must nonfrivolously allege, among other things, that she requested restoration. *See Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 (2016); *Payton*, 113 M.S.P.R. 463, ¶ 6. Here, however, the appellant has not alleged that she requested restoration in any manner. IAF, Tabs 1, 5, 8, 11; PFR File, Tab 1; *see Gerdes v. Department of the Treasury*, 89 M.S.P.R. 500, ¶ 13 (2001) (stating that submitting a reemployment application or making an oral or written request for reemployment with the agency constitutes a request for restoration).

regulations); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).

¶13    The appellant further argues on review that the administrative judge erred by failing to sanction the agency because it did not contact her regarding possible settlement pursuant to the Board's acknowledgement order and did not serve its response to one of the administrative judge's orders on her union representative. PFR File, Tab 1 at 4-5, 7.  The appellant, though, did not seek sanctions before the administrative judge, and we therefore need not consider her argument, raised for the first time on review, that she was entitled to sanctions. *See Leftridge v. U.S. Postal Service*, 56 M.S.P.R. 340, 347 (1993).  Even if we were to consider her argument, however, we would find that she has not established any basis for the imposition of sanctions.[7]

¶14    The appellant additionally challenges the administrative judge's failure to hold her requested hearing, which she argues would have allowed her to present her side of the story.  PFR File, Tab 1 at 3-5.  Because appellant has not raised specific factual allegations that, if proven, would establish that her appeal is within the Board's jurisdiction, she is not entitled to the hearing that she requested.  *See Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984).  Therefore, we find that the administrative judge did not err in rendering an initial decision without holding the appellant's requested hearing.

---

[7] According to the agency, it served the appellant's union representative three copies of the agency's jurisdictional response—one by regular mail as indicated on the certificate of service and two via email.  PFR File, Tab 3 at 10; IAF, Tab 10 at 51.  The appellant has not provided any evidence, such as an affidavit, or other specific allegations to contradict the agency's detailed assertion.  In addition, the appellant has not shown that she was prejudiced by the agency's failure to contact her to discuss settlement. *See Smith v. U.S. Postal Service*, 54 M.S.P.R. 631, 636 (1992) (denying a motion for sanctions when the appellant failed to explain how the agency's untimely compliance with an order to discuss settlement affected the outcome of his appeal).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.